Marcus G-. Christ, J.
Motion and cross motion for summary judgment in an action by a real estate broker for a commission.
*8 The plaintiff, a licensed real estate broker, sues to recover the sum of $675 allegedly due for obtaining purchasers for the defendants’ property located at 43 Seley Drive, Babylon, New York. The brokerage agreement provides in part “ It is further expressly understood and agreed that Mulvihill shall incur no obligation of liability for said brokerage commission, except only when, as and if and in the event title actually closes, at which time the said brokerage commissions shall become due and payable, unless the failure to close title results from the wilful default of Mulvihill ”. The prospective purchasers produced by the plaintiff and the defendants signed an agreement dated May 8, 1957 in which it was provided in part
“It is expressly understood and agreed by and between the parties here to that this contract of sale is subject to the following three contingencies:
“ (1) The Purchaser’s ability to procure within ten days from the date hereof from a bank a written commitment for a direct bank first mortgage loan in the amount of Twelve Thousand One Hundred and 00/100 ($12,100.00) on a G. I. basis for a period of 25 years at the maximum interest rate for G. I. mortgages, subject only to the two contingencies immediately following; and
“ (2) The issuance within four weeks from the date hereof by the Veterans Administration of a Certificate of Beasonable Value on the above described premises in the amount of Thirteen Thousand Five Hundred and 00/100 Dollars ($13,500.00) or more; and
“ (3) The issuance within six weeks' hereof by the Veterans Administration of a Certificate of Commitment (prior approval).
11 In the event that any of the above contingencies fail, the Seller shall refund to the Purchaser any moneys paid hereunder, less the fee incurred by the Seller for the preparation of this Contract of Sale, whereupon the parties shall be released of liability hereunder each to the other and this Contract of Sale shall be cancelled and considered null and void.”
On May 17, 1957, the Greenpoint Savings Bank purportedly issued a commitment which the plaintiff contends complied with the contract but which the defendants claim was not an unconditional commitment except for the three contingencies quoted above. The alleged commitment (Exhibit “ B ”) reads in part: “In accordance with our telephone conversation, we are pleased to advise you that our Mortgage Loan Committee has approved a G. I. loan in connection with the above property in the amount of $12,100 at 4%% interest, for a term of twenty *9 five years, subject to personal interview of the veteran, examination of credit and prior approval by the Veterans Administration” (Italics supplied.) This letter of commitment was received by the defendants on May 20, 1957 and promptly returned, as was the purchasers’ deposit, on the ground that the letter provided for contingencies which were not specified in the contract.
It is clear from Exhibit “ B ” that the bank was not committing itself until its officials had interviewed the veteran and examined the purchasers’ credit and after reading the averments contained in the affidavit of the defendants’ attorney which are not contradicted by the plaintiff, it can only be concluded that the plaintiff knew the meaning of the contract and the reasons for the desire by the defendants of an unconditional bank commitment except for the contingencies specified. Therefore, when the defendants refused to accept a commitment which did not comply with the contract, the contract by its very terms was terminated and the defendants were not committing a willful default entitling the plaintiff to a commission.
Accordingly, the plaintiff’s motion is denied and the defendants’ cross motion for summary judgment dismissing the complaint is granted.
Settle order on notice.